This is Ito. I'm here representing Lassen Immunotherapies, the appellant and plaintiff below. This case, once again, presents the issue of how broad is the safe harbor. What we have here are claims, method claims, which have steps in them, and admittedly some of the steps… I know we're going to get to that. The Sumaxson case presented three issues, only one of which was decided by the District Court, although all issues were reviewed again by the Federal Circuit. Any one of the three issues… What were the three issues? Three issues were the 271E1 safe harbor scope, the combination of 35 U.S.C. 154 and 271, because some of the steps occurred during publication and some during issuance, and the issue of whether or not the publication claims were substantially different from the Because in the Sumaxson case, some of the steps were performed during publication and some were performed after issuance, and the assertion was that 271 covered them, and because some were during publication, the issue of identicality or substantial difference, any of those three was dispositive. This Court affirmed the decision of the District Court without opinion, Rule 36. So we do not know which of those three issues was decided in our favor or against. But in addition to that question, your opponent makes much of the statement, the representation, that the issues in the case are identical, and your statement that if the Supreme Court had accepted your appeal, that that would have ended the case to the fact that they didn't accept it, that the issues were identical. Some of the issues were identical, not all of them. In this case, the complaint… I think they said, and my understanding is that you agreed that all of them were the same. No, and that may be a misunderstanding of what I said. Okay. When this case first came… This case, the Shinogi case, was filed prior to the decision of the District Court in the Sumaxson case. There's an appeal prior to the decision of this Court in the Sumaxson case. Once this Court decided the Sumaxson case, we made the offer to stay the Shinogi case pending the outcome of the decision, decision on Bonnack and the decision on petition for including the potential potentiality of substitute counsel, which was in our motion. That was opposed by Shinogi. What I said there was the issues that are on appeal in Sumaxson are the same as those same issues in this case. This case now represents two additional issues, because… And these are different issues. Because all of the activity in Shinogi occurred during publication in some instances, and sometimes it spans publication to issuance, the issue of combining 154 and 271, which may have been the pivotal issue in Sumaxson and based upon the oral argument it seemed to be, isn't in this case for some of the activities of Shinogi. So that's a different issue. How could that help you? Conceivably, just on 154, you can make a claim if the publication claim is similar enough to the ultimately issued. Correct. You have an argument. So if we're now talking about completely pre-issuance conduct in some instances, obviously 271A is out of the picture, right? Correct. So you can only proceed on 154. But doesn't the resolution of the question, were the claims substantially similar, resolve that? The pure pre-issuance conduct, if there is any? If that issue had been resolved, yes, that would be preclusive. But that issue is not resolved. In Sumaxson, that issue was not resolved by district court and it was not appealed, nor was it decided by this court because it was a Rule 36 affirmation. And as both parties have pointed out, and it's in Sumaxson brief. How would it be relevant to the 154D claim whether the conduct was post-issuance or pre-issuance as long as it was post-publication? The 154 claim alone was not present in Sumaxson. And then there's one other before I run out of time, I want to say that also 271G was not pled in Sumaxson. 271G is the claim that is purely post-issuance. So if Sumaxson was decided, we don't know, on the issue of you cannot combine 154 with 271, then that decision in Sumaxson has no bearing on the purely 154 claims and or the Where is your argument in your blue brief on this purely 154 claim that you say that you're appealing? If you look in the brief, at page 6, Thus, Shinogi completed all of the steps accused of infringement of at least some of the claims of both the 069 and 639 patents prior to issuance in January 2011 or January 2010 respectively. That's where it first appears and then again appears in the argument section. That is the purely 154 prior to the issuance. Where does it appear? Page 6 of the brief at the top. No, I heard that page. Where does it appear in the argument section? As far as I can tell, 154 isn't even discussed in the argument. There's a reference, there's a little subsection in the summary of the argument about combining, which aside from being in the summary of the argument is not about 154 alone. Correct. The district court did not make a decision based upon 154 alone and as we argued, the district court misunderstood that we had argued 154 alone and we made that argument later on in the brief. And 271G appears as issue number 3 on page 2 of the brief as the statement of issues presented on appeal. I'm sorry, 271G? What are you talking about now? 271G is product by process. Yes, but I don't understand. What does that have to do with 154? Those are the two issues that were presented in the Shinogi court that were not present in the Sumaxson case. I actually took your brief in this case and redlined it against your Sumaxson brief and with the exception of the names of the parties, they were virtually identical. There was almost no differences in any of your briefings in these two cases. So I don't understand how you're saying this one presents a different issue than the issue in Sumaxson because my redline, literally apart from the names, was virtually identical word for word. So what is the different issue that is presented in this appeal that was not presented in the prior one and decided? Okay, issue number 3, which is 271G, was not present in the other case, and the 154 by itself. Was not present in what case? In Sumaxson. You're saying Sumaxson didn't involve a 271G claim?  We did not plead that in Sumaxson, nor were all the activities in Sumaxson. You certainly made arguments about 271G on appeal in Sumaxson. I remember the oral argument and I remember you trying to make the argument, but where is the 271G claim here in this brief on this appeal? Issue number 3 on the top of page 2. Does the assertion of infringement by a product by process under 35... Issue number 3 on the top of page 2? It's actually issued. I'm on page 2 with your statement of the case. What am I missing? At the very top it says II, should be 3. It's misnumbered there. 1 and 2 are on the previous page. Okay. And you're telling me that when I pull up my blue brief of Sumaxson in II right now, which my law clerk is sending to me, that I will not see that issue similarly presented in your blue brief on Sumaxson? I did not check to see if that issue is also in Sumaxson. Well, then how are you standing here representing to the court that this case presents an issue raised that is different from the issues you raised and presented and argued in Sumaxson? Because in Sumaxson, 271G was never asserted in the complaint, and the case was dismissed based upon the allegations sold within the complaint. It's on page 2, identical, of your Sumaxson brief. It has word for word the same sentence. Okay. So it is the identical issue that was presented on page 2 of your Sumaxson brief, word for word identically. Presented in the appeal, but not... The question is, why is the decision in Sumaxson, which affirmed on Rule 36, not preclusive of all the issues that are presented in the Shinogi case? It's not... My understanding of Rule 36 is that it must affirm one of the issues that were presented, either to the district court or on appeal. Not that it, not that Rule 36 affirms all of the issues. In order to be preclusive, as is set forth, I'll find in a second, in Napoli's brief. The requirement is that it must necessarily be dispositive. Let me see if I'm trying to get at least one concrete scenario in mind. So it's possible you're saying that the only ground necessary for decision in Sumaxson was the 271E Safe Harbor. And even though you argued in your brief, or at least stated an issue in your brief in Sumaxson, that you had a 271G claim, that this court might have decided you actually didn't preserve that, you didn't make that, that wasn't in the case. And now that you actually did make 271G as an argument in the district court in this case, that that might be outside the only necessary holding in Sumaxson. Is that the kind of thing you're talking about? The kind of thing, but technically that's not correct. If the court held that 271E1 was decided correctly by the district court, then that would essentially preclude any claims in this case, because they would all fall under 271E1. What I'm saying is if the court in Sumaxson was upholding the combination of 154-271, which based upon oral arguments seemed to be the decision of the court. But you don't know what was in the mind of the court, because they didn't say. Correct, which is why if certain things were in the mind of the court, 271E1, and the court had written that down, that would have a preclusive effect. Even on 271G? Even on 271G, because it's the same claim, it would have the same Safe Harbor. Now I would argue differently, because I don't think the Safe Harbor would extend to the product, but if the court had written down 271E1 precludes those claims, which even one step of at some point falls within the Safe Harbor, all the rest of the steps falling outside the Safe Harbor doesn't save the claim, nor does it save the product by process, then we would be out. So I'm making that kind of argument, but not that argument. The argument is that if the court instead had written down, you cannot combine 154 with 271E1. Therefore, Somaxon is gone, because all the Somaxon assertions in the complaint required a combination of 151 and 271. That would not get rid of 271G or 154 by itself, which were specifically pled in the Somaxon case. So my point is that depending upon what was in the mind of the court, which we do not know, it may have had a preclusive effect on this case. But other things that could have been in the mind of the court, which again we do not know, would not have had a preclusive effect. And as is made clear in the argument section, that it must be resolution of issues was essential to the final judgment in the first action. Of all the issues that would have had to be resolved to support the result. Preclusive effects only come in if, by necessity, an issue that is preclusive in the Shinogen case must have, by necessity, been decided in the Somaxon case. Otherwise, the Somaxon case could not have been ruled in the way it has. And that is not true, because so many issues are presented, which are different, some are dispositive, some are not. We do not know. If the court in Somaxon could have found that there was a substantial difference between the provisional and the published and the issued claims, if that were the case, it would not preclude 271G. But if they found that there, the same claims were issued here, the same patent, the same claims, the same arguments, right? So if they found exactly what you just said, it would preclude this case from going forward. No, because there are different factual circumstances. If the court found that publication to issuance had a substantial difference, that would eliminate the 154 and the combination 154-271. It would not eliminate 271G, which does not rely upon publication. Yes, but you raised 271G in your last appeal. Correct. We affirmed against you. Doesn't that mean, since you're saying it's a separate claim, that we necessarily decided that you were not entitled to 271G relief? No, because the defendants in the Somaxon argued that 271G was never pled in the complaint. This was a dismissal, 12B6 dismissal, based upon only the complaint. So therefore, the court could have said we are not hearing your 271G claim because it was never raised in the court below. So there could have been a different reason why the court dismissed us under 271G, which is different from the factual circumstance here because 271G was raised in the complaint below in the Shinogi case. Again, that's our argument and our opposition to the preclusion issue, is that without a written decision telling us which issues were and were not decided, it's not totally dispositive of all the issues in the second case. Let's hear from the other side on this point. We'll save you rebuttal time and see if we also want to get to the merits. Thank you. May it please the court. The district court's judgment should be affirmed on multiple grounds, but the most straightforward is that Klassen is collaterally stopped by this court's decision in Klassen v. Symaxon from January. But what about this 271G point? As I think I'm understanding the argument, there was no pleading of 271G in the other case. There is pleading of 271G here. So one cannot, without, certainly there was no district court decision about 271G in Symaxon. There was no opinion from this court, so we can't assume that that issue, except possibly waiver, was resolved. If there's a 271G claim in this case, how can we conclude that rejection of a 271G claim was necessarily done in the earlier case? So in the earlier case, the issues raised, as has been pointed out, in Klassen's Symaxon brief were identical to the issues he raises here. And that included an issue with respect to 271G. And in particular... In the brief on appeal, but what about in the pleading in district court? In the Symaxon case? Yes. I actually don't recall if the actual pleading, if that was raised as a pleading issue in the Symaxon case. It was certainly not discussed in the district court's decision. But the issue of 271G and its applicability was raised in the appeal in Symaxon. And in particular, the issue on 271G before this court was, does the assertion of a product made by a process under 271G survive even if the process is protected under 271E1? And the argument that Klassen made in the Symaxon case is identical to the argument it makes here against Shianogi, that a product-by-process claim can still be infringed even if the process used to make the product occurred before issuance of the patent. And in the Symaxon case, the Monsanto case was cited as holding that that was incorrect, that Monsanto held that a product-by-process claim to be... For that type of claim to be infringed, the patent would have to be in effect when the process is performed. And that same issue is here. Did you know in the Symaxon appeal, did Symaxon argue with respect to 271G that that claim had not been preserved, made in the district court by Klassen? I do not recall that argument being made. The only quote from the Symaxon red brief is Klassen's infringement claims under 271 appear to be limited to subsections A and G to the extent Klassen attempts to rely on other subsections of 271. It weighs such arguments by failing to raise them below or in its opening brief on appeal, but the Symaxon red brief seems to treat the 271G issue as being raised and doesn't mention anywhere in it that it wasn't pled and therefore should be rejected by the court. Is that your recollection? Well, that's consistent. I didn't have the brief right in front of me, but the 271G issue that has been raised by Klassen in both cases is whether those claims can be infringed when the process is performed before the patent has been issued. So the legal issues that are raised in this case are identical to the legal issues that were raised in the Symaxon case. And Klassen's own briefs demonstrate that the issues are identical. As has been noted, if you compare the briefs in the two cases, they're identical. And in May, in support of a motion to stay proceedings in this case, Klassen stated that the Symaxon case concerns the exact issues of law that are at issue in this appeal. Klassen also stated in that motion that a decision either to deny cert or a decision on the merits against Klassen would likewise simplify or eliminate this appeal. So Klassen represented that a denial of the cert petition, not necessarily a decision by the Supreme Court on the merits of the case, would simplify or eliminate this appeal. In terms of whether the issues were actually decided in the Symaxon case, Shinogi has here sought affirmance of the district court's dismissal on the same two grounds that were raised in Symaxon, that Klassen can't combine sections 271 and 154D to make an infringement claim. And incidentally, that issue, whether those two statutory provisions could be combined, was presented both in the Symaxon brief and in this case. And secondly, that the activities accused of infringement relate to regulatory activity, and thus fall within the scope of the safe harbor. Mr. Zito argues that there is a separate 154-only claim for damages here in this appeal, not simply a 154-271 combined claim, but he claims that they presented a case for pure 154 relief, all the steps being performed post-publication. Well, I don't recall that being specifically presented, at least in any different way than it was presented in the Symaxon case. And in any event, we have briefed again why 154D is unavailable to Klassen here. 154D requires that the published patent claims be substantially identical to the patent claims that actually issue. And as we've presented to the court in both of these cases, there are significant differences between the published claims of these two assertive patents and the claims that actually issued. And were all those arguments identically made in both cases? Yes, they were, Your Honor. And with regard to the 069 patent, it was argued in the Symaxon case that all the claims of the published patent application were actually canceled. The predecessor to claim one of the 069 patent wasn't added until four years after the application was published. That's at A-208. And even that claim was then substantially amended during prosecution to add language to overcome obvious misrejections by the Patent Office. And you're not saying there was any impropriety in that procedure? In the Patent Office? Yes, or anywhere. So you're telling us that there was a four-year gap? Oh, no, Your Honor. I'm just pointing out that the claims that issued and are being asserted here are not substantially identical. Yes, but that's what the law permits? Well, in order to take advantage of 154D, the claims must be substantially identical to the claims of the published application. It depends on what's covered by the claims, does it not? Well, the substantial identicality looks at whether the language of the claims is substantially identical to the issued claims is substantially identical to the published claims. Here, the actual claims of the published application were all canceled. We've outlined in our brief the amendments that were made to the claims during prosecution. And it's important for 154D that if a party is going to be held to infringe claims under 154D of a published patent application that the issued claims be substantially identical. But they were restrictive amendments. They were a narrowing of the claim. Isn't that the subject matter was totally outside of the original claim? Well, but under the late-term case, and I believe there may have been one other case we cited, amendments to narrow claims to overcome rejections in the Patent Office do constitute substantial change. In that case, on the facts of that case. Yes, and here we've showed, it said A279 to 286, that Klassen canceled all his published claims. And then we've also cited in the record places where Klassen added the limitation wherein the essential adverse event is one regulated by a regulatory agency. I don't understand what you're saying. That procedure is permitted. It was accepted by the office. What's wrong with it? There's nothing wrong with the procedure and that the patent claims issued. What we're saying is Klassen can't take advantage of 154D to make a claim under 154D when the issued patent claims are not substantially identical to the claims of the published application. I'm not quite sure that that's accurate. The question really depends on the subject matter, on what the accused subject matter is and what's encompassed by the claims as issued, perhaps as amended to restrict it to help to preserve the validity. Well, in the late-term case and the other cases, the court has looked at actions taken during prosecution and amendments. Have we ever said that once you change, narrow, and restrict a claim, you lose all of your prior rights? No, I think you do have to look at the specific amendments. And there could be amendments that do not substantially change the claim. But here, the claims, and we've charted it out in our brief, there are, you can see, substantial differences between the claims that were published and the claims that issued. So we submit that 154D is not available to class in here, given those substantial changes to the claims. With regard to the 639 patent, when that application published, it didn't, for example, have any method claims, which are the type of claims being asserted here. And in December 2008, classing canceled all those published method claims and added all the claims that published and added method claims. So again, a change from a system claim to a method claim, we would submit as those claims are not substantially identical. Your fee motion is based exclusively on collateral stop loss, correct? Yes, Your Honor. And you're asking for attorney's fees from the refusal to dismiss forward, so basically the time spent in preparation for oral arguments? That's correct, Your Honor. You're not asking for any fees related to briefing? We're not. It would be quite unusual, wouldn't it, to hold collateral estoppel under Rule 36, where there were two or maybe three issues appealed last time. I mean, all of the case law says necessarily decided, and collateral estoppel is issue preclusion, not overall claim preclusion, right? So it just feels a little awkward to me. This is an unusual case in the sense that while there was a Rule 36 affirmance, there's complete identicality of issues in the two cases. And we don't know which one was necessarily decided, but we know it was one of the three. That is our point, that at least one, if not all, of those issues were decided in the favor of the defendant and against Klassen. And it would seem unfair if Klassen was in a better position for having appealed and lost on a Rule 36 affirmance than had he not appealed at all and the district court decision would have been collateral estoppel on the safe harbor issue. Conversely, it seems unfair if litigants can't view a case with complete identicality of issues and a Rule 36 affirmance and not have the same outcome in terms of judgment. And in the Freeman case, the court described the purpose of collateral estoppel being when someone's had a chance to litigate an issue and they lose, they should be bound by that and they should not seek or demand that the same issues be litigated again. This might be a different case if there weren't total overlap of the issues. But when all of those issues were before the court once before, where the party asserting them has said that the issues are identical, has said in its third petition to the Supreme Court, which was also identical, the third petition to the Supreme Court in the Klassen case had the identical issues presented here. We think there that collateral estoppel should be applied even though it's a Rule 36 affirmance. This isn't one of those sometimes troublesome questions of alternative grounds. What we know in Symaxon is that the district court decided enough issues to reject all the claims in the case and so did we. And if the claims are identical, then there can't be anything left. Is that right? That's correct. The judgment should be the same. The judgment for Shianogi should be the same as Symaxon. If you look at the briefs, how could you explain a difference given that the identical issues have been raised in both proceedings? So whether we agree with the resolution or not, we ought to apply collateral estoppel. Yes. Yes. These same issues have been litigated once before to finality. The last prong of collateral estoppel is whether a litigant has had a full and fair opportunity to litigate its positions. These positions have been argued in two district courts. They've been argued before this court. The Supreme Court has been petitioned for cert. We think that that has been a fair opportunity to litigate. Do you happen to know, was there a 271G issue presented in the Supreme Court cert petition? The four issues, which included that third issue on 271G, is identical in the cert petition. The response to the cert petition was a waiver argument made. There was no response called for. Oh, OK. OK, any more questions? Any more questions for Mr. Rizzo? Thank you, Mr. Rizzo. Thank you. Mr. Stengel, we'll have you at a full rebuttal. Thank you. I'd like to first address the 154D issue. The change between publication and issuance was in publication it was an essential adverse event. The examiner asked for clarification as to what essential adverse event means. It was in the specification that it means one that needs to be disclosed with the drug, so needs to be on the label. The only evidence in the district court was a declaration from our expert who said essential adverse event is a term of art. It's explained in the patent. So the change, one that needs to be disclosed in the published claims, was not a change of substance. It was a clarification that everybody knew what an essential adverse event was. That's the only evidence on 154D that they were the same, the published and the issued claims. 154D is in this case, and it is preserved in this case, and with all due deference, I take exception to the fact that it's the same brief. The entire statement of the case, which is pages 2, 3, 4, 5, 6, on to 8, are different because it's a different case. And in there we clearly set forth that. The district court found, quote, plaintiff concedes that defendant Shinogi performed some steps of the method after publication and some steps after issuance. Okay, class and made no concession. This is from page 2. The district court appears to have mistaken the discussion of 154 as a concession under 271. Where is 154 preserved? If you look at the first and second issue, or the first, yes, does the Safe Harbor Protection Free Setting on 271E1 extend to, and issue 2, 271E1, if some steps are performed that would be safe and some steps are not, does the Safe Harbor preclude? It was the Safe Harbor Preclusion 271E1 that eliminated the 154D claims in the district court. The district court confused that and thought they were combined. If issue 1 or issue 2 is decided in our favor, then the 154D claims come back because that's an accusation of infringement. A different issue was whether or not you could combine 154 with 271, and that's issue number 4. But number 1 and number 2 save the 154D claims, peer 154D claims which were asserted in the complaint in Shinobi and were not asserted in the complaint in Sumatran. Sumatran didn't do everything before issuance. So we don't have to separately say does 154D, do 154D claims survive if 271E1 is reversed, because they do. That reversal of 1 and 2 puts us back in the district court where 154D survives, but for the fact that the district court found that the published claims were different from the issued claims. We argued in here that the published claims were the same as the issued claims, so we argued the 154 issue and argued that issue in context with combining with 271. We don't need to separately argue 154 because the district court never separately dismissed 154. 154D by itself, not in combination with 271, was only dismissed because of the decision under 271E1. So by preserving those, we preserved the 154 and we specifically addressed where the court misunderstood that that was a separate argument. So the court never said anything about our 154D alone argument, they just dismissed that under 271E1. And we specifically addressed where they confused and thought it was only the combination argument. And that is a different argument from that presented in Symaxon. Thank you. The case is taken under submission. Thank you both. Thank you. Thank you, Mark.